**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SCOTT WALKER,**

           **Petitioner,**

vs.

**UNITED STATES OF AMERICA, United States Department of Justice Drug Enforcement Administration,**

           **Respondent.**
_____

**5:10-CV-1246**
**(NAM/DEP)**

**APPEARANCES:**

Weisberg, Zukher Law Firm
State Tower Building
109 South Warren Street
Suite 410
Syracuse, New York 13202-1849
*Attorneys for Plaintiff*

**OF COUNSEL:**

Andrew T. Velonis, Esq.

**MEMORANDUM- DECISION AND ORDER**

**I.     INTRODUCTION**

On October 19, 2010, petitioner filed a motion seeking the return of a vehicle that was seized by respondent pursuant to 18 U.S.C. § 983(f). (Dkt. No. 1).  Petitioner did not serve the petition on respondent.

Petitioner alleges that he is the owner of a 2005 Dodge Magnum SXT, vehicle identification number 2D8GZ48V25H579542, which was seized on July 28, 2010.  On August 19, 2010, the Drug Enforcement Administration ("DEA") sent written Notice of Seizure of the vehicle to petitioner.  The notice explained that the property was seized pursuant to 21 U.S.C. § 881 because it was used or acquired as a result of a violation of the Controlled Substances Act. The notice further advised that an interested party could contest the forfeiture by filing a claim

with the DEA by September 23, 2010.   Petitioner allegedly filed a claim with the DEA on September 9, 2010 contesting the forfeiture pursuant to 18 U.S.C. § 983(a).[1]  Petitioner alleges that the prior claim was properly served upon and received by respondent on September 10, 2010.  Petitioner further asserts that respondent failed to respond to his claim and has not released or returned the subject vehicle.  As a result, petitioner filed the present motion seeking return of his vehicle, costs, disbursements and attorneys fees.

## II.    DISCUSSION

While petitioner has not cited to any statute or caselaw in support of his petition, the relevant statutory provisions are set forth in 18 U.S.C. § 983(a)(2) & (3).  As part of the Civil Asset Forfeiture Reform Act of 2000, "[a]ny person claiming property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute may file a claim with the appropriate official after the seizure[ ]" and this claim "may be filed not later than the deadline set forth in a personal notice letter[.]" 18 U.S.C. § 983(a)(2)(A)-(B).[2]  "Not later than 90 days after a claim has

---

[1] While petitioner claims that a copy of the prior petition is "attached hereto and made a part hereof", the record does not contain said petition.

[2] 18 U.S.C.§ 983(a)(2) provides:

   (A) Any person claiming property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute may file a claim with the appropriate official after the seizure.

(B) A claim under subparagraph (A) may be filed not later than the deadline set forth in a personal notice letter (which deadline may be not earlier than 35 days after the date the letter is mailed), except that if that letter is not received, then a claim may be filed not later than 30 days after the date of final publication of notice of seizure.

© A claim shall-

   (i) identify the specific property being claimed;
   (ii) state the claimant's interest in such property; and
   (iii) be made under oath, subject to penalty of perjury.

(D) A claim need not be made in any particular form. Each Federal agency conducting nonjudicial forfeitures under this section shall make claim forms generally available on request, which forms shall be written in easily understandable language.

2

been filed, the Government shall file a complaint for forfeiture ... or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties." *Id.* at § 983(a)(3)(A).[3] If the Government fails to file its complaint within 90 days, it must return the seized property and is prohibited from taking "any further action to effect the civil forfeiture of such property in connection with the underlying offense." *Id.* at § 983(a)(3)(B).

Put simply, "under the applicable law, a person against whom forfeiture proceedings are brought may file a claim contesting the forfeiture with the Forfeiture Counsel of the DEA within the time specified in the notice of seizure. If this is done the administrative forfeiture proceedings are halted, and the matter is transferred to the United States Attorney, who must institute forfeiture proceedings in court". *Hayes v. U.S.*, 2009 WL 1856789, at *6 (S.D.N.Y. 2009) (citations omitted). By filing with the seizing agency a timely claim for the property, the person

---

[3] 18 U.S.C. § 983(a)(3) provides:

> (A) Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.
>
> (B) If the Government does not-
>
>> (i) file a complaint for forfeiture or return the property, in accordance with subparagraph (A); or
>>
>> (ii) before the time for filing a complaint has expired-
>>
>>> (I) obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and
>>>
>>> (II) take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute,
>
> the Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense.

3

whose property was seized may effectively transform the administrative seizure into a judicial proceeding. *U.S. v. One Hundred Forty Thousand Dollars in U.S. Currency*, 2007 WL 2261650, at *4 (E.D.N.Y. 2007) ("Within ninety days of the filing of such a claim, the government must either file a civil forfeiture complaint in federal court, secure a criminal indictment, or return the property pending the filing of the civil complaint. If the government fails to file its complaint or secure an indictment within the statutory time frame, the government must return the property to its owner and may not take further action to effect its civil forfeiture") (internal citations omitted).

Here, assuming the facts as stated in the petition to be true, petitioner filed his claim contesting the administrative forfeiture on September 10, 2010 pursuant to § 983(a)(2). Pursuant to § 983(a)(3)(A), the DEA is divested of jurisdiction and the United States Government has ninety days from the date that petitioner filed his claim to commence a civil forfeiture action via the filing of a complaint. If the government files a complaint within the statutory period, petitioner may file a claim asserting an interest in the property, "in the manner set forth in the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions." *See U.S. v. One 2000 Mercedes Benz Bearing VIN WDBLJ70G0YF127256*, 2010 WL 4452096, at *2 (W.D.N.Y. 2010) (citing 18 U.S.C. § 983(a)(4)(A)). On November 29, 2010, the government filed a verified complaint.[4] Thus, petitioner's motion is denied, without prejudice, as moot. Petitioner must proceed in accordance with the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

### III. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED** that petitioner's motion (Dkt. No. 1) is **DENIED**.

---

[4] While the complaint has been filed, a warrant for arrest has not yet been issued.

4

**IT IS SO ORDERED.**

Date:   November 29, 2010

Norman A. Mordue
Chief United States District Court Judge